Daniel SERRANO–LEMUS, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–75527.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 27, 2009.

Angela Mary Bean, Angela M. Bean & Associates, Oakland, CA, for Petitioner.

Mary Jane Candaux, Assistant Director, Jennifer L. Lightbody, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Daniel Serrano–Lemus, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that, even if Serrano–Lemus testified credibly, he did not establish past persecution from the one death threat he received while in the mili-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

tary. *See id.* at 1028–30. Substantial evidence also supports the BIA's determination that Serrano–Lemus did not establish a well-founded fear of future persecution based on his earlier military service. *See Lolong v. Gonzales,* 484 F.3d 1173, 1179–81 (9th Cir.2007) (State Department Reports constitute substantial evidence supporting BIA's determination of no well-founded fear).

Because Serrano–Lemus failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Cruz–Navarro,* 232 F.3d at 1031.

Finally, we lack jurisdiction to review Serrano–Lemus's challenge to the IJ's denial of voluntary departure. *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**